IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANTHONY R. LASH, JR., | Case No. 3:14-cv-01791-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| PNC BANK, N.A. and CLEAR RECON CORP, a California Corporation, | |
| Defendants. | |

Benjamin D. Knaupp, GARLAND GRIFFITHS KNAUPP, 254 N First Avenue, Hillsboro, OR 97124. Of Attorneys for Plaintiff.

Stepehn P. Yoshida and Michael A. Yoshida, MARTIN BISCHOFF TEMPLETON LANGSLET & HOFFMAN LLP, 888 SW Fifth Avenue, Suite 900, Portland, OR 97204. Of Attorneys for Defendant PNC Bank, N.A.

Rochelle L. Stanford and Tracy J. Frazier, PITE DUNCAN LLP, 621 SW Morrison Street, Suite 425, Portland, OR 97205. Of Attorneys for Defendant Clear Recon Corp.

**Michael H. Simon, District Judge.**

Plaintiff, Anthony R. Lash ("Plaintiff" or "Lash"), brings this action against Defendants PNC Bank, N.A. ("PNC Bank") and Clear Recon Corp ("Clear Recon"). Before the Court is Defendant PNC Bank's Motion to Dismiss (Dkt. 4), Defendant Clear Recon's motion to join PNC Bank's Motion to Dismiss (Dkt. 8), and PNC Bank's Request for Judicial Notice (Dkt. 6).

PAGE 1 – OPINION AND ORDER

For the reasons that follow, Defendants motions are granted and this case is dismissed with prejudice.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## BACKGROUND

On August 27, 2007, Plaintiff obtained a $398,000 construction loan from National City Bank[1] for the construction of a personal residence in Rhododendron, Oregon. The loan was secured by a Deed of Trust on the property naming National City Bank as beneficiary. The underlying promissory note was accompanied by a Construction Addendum that was also executed by Plaintiff. According to the terms of the Construction Addendum, Plaintiff agreed to pay only interest due on the loan during the construction of his home. The Construction Addendum also included a provision in which Plaintiff agreed to execute a Loan Modification Agreement setting the interest rate, payment amount, and due date of payments for the loan period following construction of the home. Plaintiff executed the required Loan Modification Agreement on October 8, 2008, after completing the construction of his home. The Modification Agreement required Plaintiff to pay interest only at a variable rate of five percent for 24 months. After 24 months, Plaintiff was required to pay the remaining principal balance.

According to Plaintiff's Complaint, because of lending conditions created by the 2008 financial crisis, Plaintiff had concerns about his ability to obtain refinancing to repay the remaining principal balance on the loan after the 24-month period ended. On October 2, 2008, Plaintiff emailed a National City Bank loan officer regarding Plaintiff's intent to refinance through a friend. Plaintiff sought alternative financing to pay the principal balance due on the loan, but was unsuccessful. Consequently, Plaintiff was unable to repay the full principal amount owed on November 1, 2010, as required by the Loan Modification Agreement. Despite Plaintiff's failure to repay the principal balance, PNC Bank accepted an interest-only monthly payment from Plaintiff on December 1, 2010. Thereafter, PNC Bank informed Plaintiff that it

---

[1] PNC Bank acquired National City bank in 2008.

would no longer accept interest payments beyond the terms of the Loan Modification

Agreement.

PNC Bank subsequently commenced foreclosure proceedings, and a trustee's sale

occurred on April 2, 2012. PNC Bank then filed an eviction action in Clackamas County Circuit

Court on June 29, 2012. Plaintiff retained counsel to defend against the eviction action and PNC

voluntarily rescinded the foreclosure. Plaintiff did not lose possession of his home and continues

to occupy it. PNC Bank again commenced foreclosure proceedings in July 2014. Those

proceedings were canceled pending resolution of the present litigation.

## DISCUSSION

### A. Defendant's Request for Judicial Notice

PNC Bank moves for judicial notice of the Correction of Error instrument, which

rescinded the non-judicial trustee's sale and trustee deed. Plaintiff did not file any opposition to

PNC Bank's request for judicial notice. Because the documents about which Defendants seek

judicial notice are part of the public record and their accuracy cannot reasonably be questioned,

judicial notice is proper. *See* Fed. R. Evid. 201(b); *see also Santa Monica Food Not Bombs v.

City of Santa Monica,* 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (holding that facts contained in

public records are ordinarily considered appropriate subjects for judicial notice). Accordingly,

PNC Bank's Request for Judicial Notice (Dkt. 6) is granted.

### B. Plaintiff's Request for Judicial Notice

Plaintiff's complaint includes a paragraph requesting that the Court take judicial notice of

a consent order entered into by PNC Bank with the United States Comptroller of the Currency,

In the Matter of PNC Bank, N.A., Case #AA-EC-11-17. (Dkt 1, Ex 5). Plaintiff alleges that in

the consent order, the Comptroller found that PNC Bank "committed unsafe and unsound

residential foreclosure activities, including filing false affidavits, filing documents with local

PAGE 4 – OPINION AND ORDER

land record offices that were not properly notarized, failed to devote sufficient staffing resources to ensure proper administration of foreclosures, and failed to provide adequate oversight, internal controls, policies, and procedures." *Id.* at 2-3. Plaintiff does not, however, explain how these documents are relevant to the present case. Accordingly, the Court declines to the take judicial of this document.

### C.  Plaintiff's "Promissory Estoppel" Claim

Plaintiff argues that PNC Bank should be estopped from foreclosing on Plaintiff's loan because PNC Bank, as successor to National City Bank, induced Plaintiff to sign the 2008 Loan Modification Agreement. Plaintiff alleges that he relied on National City Bank's promise that the bank would "work with him" when the note reached maturity. Plaintiff argues that PNC Bank "affirmed" this agreement by accepting an interest only payment from Plaintiff on November 1 and December 1, 2010.

Under Oregon law, "it is well recognized that promissory estoppel is not a 'cause of action' in itself, but is a subset of and a theory of recovery in breach of contract actions." *Neiss v. Ehlers*, 135 Or. App. 218, 227-28 (1995). "A promise is enforceable by reason of promissory estoppel if there is: (1) a promise; (2) which the promisor could reasonably foresee would induce conduct of the kind that occurred; (3) actual reliance on the promise; and (4) a substantial change in position by the party seeking to enforce the promise." *Natkin & Co. v. H.D. Fowler Co.*, 128 Or. App. 311, 314 (1994) (citing *Schafer v. Fraser*, 206 Or. 446, 472 (1956)). The doctrine is only applied if injustice can be avoided only by enforcement of the promise. *Schafer*, 206 Or. at 468.

Oregon courts, however, use the term promissory estoppel to refer to two similar but distinct concepts. The first holds that "actions taken in reliance on a definite promise may serve as a substitute for consideration even though the action was not bargained for by the promissor

and was not performed as an agreed exchange for the promise." *Staley v. Taylor,* 165 Or. App. 256, 261 n.5 (2000). Under this first conception, "promissory estoppel serves as a consideration substitute [and] the plaintiff is entitled to the usual contractual remedies." *Id.*

Oregon courts have also recognized that promissory estoppel may be used when a party acts in reliance on an indefinite promise to create a binding obligation. *Id.*; *Neiss*, 135 Or. App. at 229. In this second conception, only reliance damages are appropriate. *Neiss*, 135 Or. App. at 229; *see also Columbia Sportswear of N. Am., Inc. v. CERF Bros. Bag Co.*, 2007 WL 273650, at *7 (D. Or. Jan. 25, 2007) (holding lost profits damages unavailable where promises were indefinite). Here, plaintiff does not clearly explain which concept of promissory estoppel his claim is based upon. Under either conception, however, Plaintiff fails to state a claim upon which relief may be granted because the alleged "promise" made by National City Bank was too indefinite and, hence, illusory.

Plaintiff's claim that the October 2, 2008 email response from a National City Bank loan officer was a promise that he reasonably relied upon is unpersuasive. That email states:

> Hi [Plaintiff] – we have your file documented with income; thank you again for your cooperation in faxing. Quick question: are you still planning on refinancing with your friend? Have you started the refi process?
>
> Just as an fyi – NCM is a mortgage service company, therefore we do business in the secondary mortgage market. When we portfolio a mortgage, it does put us at risk, thus to touch on your last sentence below...the goal is to assist or help out for a short term, in hopes borrowers can pay us off within 2 yrs. However, with that said, if borrowers feel they'll have difficulty refinancing, we don't want to throw them 'out there' and be potentially the 'bad guy'. So, my last question will be...if you haven't started the process...do you think you can qualify with your friend?
>
> I have to leave the branch now. I'll look for your response Friday.
>
> Thank you – Tom

PAGE 6 – OPINION AND ORDER

Dkt. 1, Ex. 3.

This email from National City Bank cannot form the basis of a claim of promissory estoppel because vague statements made by a loan offer that "we don't want to 'throw you out there' and potentially be the "bad guy'" are too indefinite to form a promise. Although Oregon law recognizes that promissory estoppel may apply, under appropriate circumstances, to promises that are indefinite or incomplete, it does not apply to a promise that is "so illusory that it could not reasonably have been acted on or foreseen as an inducement to action." *Neiss*, 135 Or. App. at 229; *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1108 (9th Cir. 2009), *as amended* (Sept. 28, 2009) ("The promise must be as clear and well defined as a promise that could serve as an offer, or that otherwise might be sufficient to give rise to a traditional contract supported by consideration.") (quotation marks omitted). At best, the email suggests that National City Bank may have been willing to further discuss Plaintiff's refinancing difficulties. In the context of the email, however, it is clear that the loan officer was not offering to refinance Plaintiff's loan, as demonstrated by the loan officer's inquiry into the status of Plaintiff's refinancing with a friend. Vague statements and questions such as these cannot form the basis of a promise that a reasonable promisor could foresee would induce reliance. *See Workman v. United Parcel Serv. Inc.*, 234 F.3d 998, 1001 (7th Cir. 2000) ("[C]onsideration or reliance is a necessary but not a sufficient condition of the enforceability of a promise. Another necessary condition is that the promise be worded consistently with its being intended to be enforceable.").

**D.  Plaintiff's Unlawful Foreclosure Claim**

Plaintiff also brings a claim for "unlawful foreclosure." Plaintiff alleges that he made payments under the terms of the Loan Modification Agreement for more than two years until PNC Bank refused to accept further payments. Plaintiff does not dispute that the terms of the Loan Modification Agreement required Plaintiff to pay the remaining principal amount due on

the loan on November 1, 2010, and that Plaintiff did not, in fact, pay the amount due on that date. Plaintiff argues that he was not in default, however, because National City Bank had promised to "work with him" and modify the terms of the loan. Based upon this alleged promise, Plaintiff argues that he was not in default and that PNC Bank's foreclosure action was unlawful.

Oregon law, however, does not recognize a tort of "unlawful" or "wrongful" foreclosure. *Rapacki v. Chase Home Fin. LLC*, 2012 WL 1340119, at *3 (D. Or. Apr. 17, 2012). Instead, such claims are generally treated as claims for breach of contract. *Id.* Plaintiff concedes that this analysis is correct, but requests leave to replead on the grounds that he has plead sufficient facts to support a claim for breach of the loan agreement. Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Leave is not, however, "to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Courts are to consider "the following five factors to assess whether to grant leave to amend: '(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint.'" *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

The Court finds that leave to amend should not be granted because the proposed amendment would be futile. As discussed above, the Court finds that there was no enforceable promise made by National City Bank or its successors to modify the terms of Plaintiff's loan. Under the terms of the Loan Modification Agreement, Plaintiff was required to pay the principal amount due on November 1, 2010. Plaintiff concedes that he did not pay this amount, and thus Plaintiff was in default. Because the Court finds that no enforceable promise was made to alter

PAGE 8 – OPINION AND ORDER

the Loan Modification Agreement, and Plaintiff himself is in breach of that agreement, Plaintiff

cannot state a claim for breach of the loan agreement by PNC Bank.

## CONCLUSION

PNC Bank's Request for Judicial Notice (Dkt. 6) is GRANTED. Defendant Clear

Recon's motion to join PNC's Bank's Motion to Dismiss (Dkt. 8) is GRANTED. PNC Bank's

Motion to Dismiss (Dkt. 4) is GRANTED and Plaintiff's claims are DISMISSED WITH

PREDJUDICE.

**IT IS SO ORDERED**.

DATED this 24th day of March, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge